IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFREY DEWALT, #B84890** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )   Civil Case No.   12-cv-118-MJR |
| **OFFICER T. NEWKIRK, LT. C.R.** | ) |
| **PITTS, and BRADLEY J. ROBERT,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Jeffrey Dewalt, an inmate currently incarcerated at Centralia Correctional Center, filed this *pro se* civil rights action pursuant to **42 U.S.C. § 1983**. Dewalt challenges the conditions of his confinement, alleging that he sought protection from a hostile inmate on or about September 3, 2011. He initially shared his concerns about his safety with defendant Newkirk, who encouraged Dewalt to speak with Lt. Pitts. Dewalt followed this advice and shared his concerns with Pitts, who informed Dewalt that he "could not do anything . . . until the inmate actually did something." A short time later, the hostile inmate struck Dewalt in the face – knocking him to the ground – and jumped on his back, causing injury. Exhibits submitted with the Complaint show that Dewalt was disciplined for fighting and lost one month of good time credits. Dewalt sues the defendants in their individual and official capacities, seeking an award of compensatory damages, reinstatement of lost good time, and a transfer to a different prison facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  The Court applies the same standard under § 1915A as when deciding a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Accepting Dewalt's allegations as true, the Court finds that he has articulated plausible federal and state claims against defendant Lt. C. R. Pitts in his individual capacity.  The Court further finds that Dewalt may pursue a claim for injunctive relief against defendant Bradley J. Robert in his official capacity:

**Count 1**: That defendant Lt. C.R. Pitts failed to protect Dewalt from injury inflicted by a hostile inmate on or about September 3, 2011, in violation of the Eighth Amendment's proscription against cruel and unusual punishment.

**Count 2**: That defendant Lt. C.R. Pitts was negligent in failing to perform an administrative duty to separate Dewalt from a hostile inmate in violation of Illinois common law (negligence).

**Count 3**: Against Bradley J. Robert in his official capacity for prospective injunctive relief in the form of a transfer to a different prison facility.

The Court has considered allegations against defendant Officer T. Newkirk and finds that a federal claim for relief has not been stated against this defendant.  Claims brought under the Eighth Amendment have a subjective component, requiring culpable conduct known as "deliberate indifference" to impending harm.  Dewalt's allegations indicate that Newkirk responded to Dewalt's safety concerns in a manner that was prompt and reasonable under the circumstances.  Because the allegations indicate that Newkirk was not totally unconcerned about Dewalt's welfare, the claim against Newkirk is DISMISSED, without prejudice.  ***See Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002)**(prison officials are free from liability if they respond reasonably to a known risk of harm, even if the harm is not ultimately averted).

The Court has considered Dewalt's request for relief in the form of reinstatement of lost good time credits and finds that this type of remedy would shorten the duration of Dewalt's confinement. As such, that claim for relief is not cognizable in this § 1983 action. Dewalt is ADVISED that he may file a separate federal action for habeas corpus after he seeks return of his good time through available state remedies.  **28 U.S.C. § 2254(b)(1)(A);** *Preiser v. Rodriguez,* **411 U.S. 475, 489 (1973)** (challenges to the duration of an inmate's confinement are properly raised in habeas corpus).

### Disposition

The Clerk of Court shall prepare for defendants C.R. Pitts and Bradley J. Robert :  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by Dewalt. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. *See* **28 U.S.C. § 1915(f)(2)(A)**.

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED: August 10, 2012.**

                                                            **s/ MICHAEL J. REAGAN**
                                                            **MICHAEL J. REAGAN**
                                                            **UNITED STATES DISTRICT JUDGE**