## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEFFREY DEWALT, #B-84890,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12−cv−118−MJR−SCW** |
| | ) | |
| **CHRIS PITTS[1] and BRADLEY ROBERT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.  Introduction

> This case is before the Court on Defendants Chris Pitts' and Brad Robert's Motion for Judgment on the Pleadings (Docs. 13 & 14).  The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** Defendants' Motion for Judgment on the Pleadings (Docs. 13 & 14).

### II.  Findings of Fact

> On February 8, 2012, Plaintiff filed his § 1983 Complaint against Defendants Pitts for failure to protect Dewalt from serious injury and against Defendant Robert in his official

---

[1]  The Court notes that Defendant Pitts was originally listed in the Caption as Lt. C.R. Pitts.  Defendant has since filed his Answer along with the pending motion for judgment on the pleadings stating that his proper name is Chris Pitts.

capacity for prospective injunctive relief in the form of a transfer to a different prison facility (Doc. 7).  Specifically, Plaintiff's Complaint alleges that Plaintiff was concerned for his safety and sought protection from a hostile inmate by informing Defendant Pitts of his concerns (*Id.*).  Defendant Pitts allegedly told Plaintiff that he could not help him until the inmate actually did something (*Id.*).  The inmate in question later struck Plaintiff in the fact, knocked him to the ground, and jumped on Plaintiff's back causing injury (*Id.*).

On October 12, 2012, Defendants Chris Pitts and Brad Robert filed a Motion for Judgment on the Pleadings (Doc. 13) seeking judgment on Plaintiff's claim for injunctive relief.  Plaintiff seeks injunctive relief from Defendant Robert in his official capacity in the form of a transfer to a facility of his choice in order to avoid retaliation for bringing this claim against Defendants.  Defendants argue that Plaintiff is not entitled to injunctive relief as the relief he seeks is barred by the doctrine of sovereign immunity and under the Prison Litigation Reform Act.  Plaintiff has failed to file a Response to Defendants' motion and the time to file a Response expired on November 16, 2012.  Due to his failure to respond, the Court will consider Plaintiff's failure to respond as an admission of the merits of the motion.  ***See* SDIL LOCAL RULE 7.1(c) ("Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion.").**

### III.   Conclusions of Law

**A.    Federal Rule of Civil Procedure 12(c)**

Defendants bring their motion pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(c).**  Rule 12(c) allows for a party to move for judgment "[a]fter the pleadings are closed – but early enough not to delay trial."  Thus, such a motion can only be considered after both a complaint and an answer has been filed.  ***Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002).**  In analyzing a claim under Rule 12(c), the court employs the same standard as that used

under Rule 12(b)(6). *Piscotta v. Old Nat'l Bancorp*, **499 F.3d 629, 633 (7th Cir. 2007).** While a plaintiff does not have to set forth detailed factual allegations, he must "'give the defendant fair notice of what the…claim is and grounds upon which it rests.'" *Id.* **(quoting** *Conley v. Gibson,* **355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).** "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, **550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).** The court must also accept all well pleaded facts as true and draw all inferences in favor of the plaintiff. *Thomas v. Guardsmark, Inc.*, **381 F.3d 701, 704 (7th Cir. 2004).** The court will grant a motion for judgment on the pleadings "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Id.* **(internal citation and quotation marks omitted).**

B.      **Analysis**

Here, Defendants Pitts and Robert argue that they are entitled to a partial judgment on the pleadings on Plaintiff's request for injunctive relief, as Plaintiff is barred from seeking such relief by the doctrine of sovereign immunity and the Prison Litigation Reform Act. The Court does not agree with that argument. The Eleventh Amendment does not bar injunctive relief when a plaintiff is seeking prospective relief. In fact, the Seventh Circuit has specifically stated that "[o]fficial-capacity suits against state officials seeking prospective relief are permitted by § 1983…and under *Ex parte Young*, **209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908),** they are not barred by the Eleventh Amendment." *Williams v. Wisconsin*, **336 F.3d 576, 581 (7th Cir. 2003).** Further, while the Prison Litigation Reform Act requires that injunctive relief "[be] narrowly drawn, extend[] no further than necessary to correct the violation…, and is the least intrusive means necessary to correct the violation", the Act does not put an outright ban on prospective injunctive relief or even affirmative relief, though the Court would be hesitant to insert itself into the everyday operation of a prison setting, which affirmative relief would most likely require. **18 U.S.C.**

§3626(a)(1)(A).  *See also Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions:  prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

However, the Court notes that Defendants are correct that they are entitled to relief because the injunctive relief is unrelated to the concerns at issue in Plaintiff's Complaint.  "A court's power to grant injunctive relief only survives if such relief is actually needed." *Nelson v. Miller*, **570 F.3d 868, 882 (7th Cir. 2009).**  "The necessary determination is that there exists some cognizable danger of recurrent violation, something more than mere possibility." *Id.* **(internal citations and quotations omitted).**  Plaintiff's Complaint seeks relief for Defendant Pitts' failure to protect him from another inmate.  However, Plaintiff's requested injunctive relief seeks a transfer to another prison in order to protect him from retaliation from prison officials for filing grievances and this lawsuit.  Plaintiff cannot obtain the relief he seeks because it is unrelated to the claims Plaintiff has filed.  Thus, the undersigned agrees with Defendants that the relief Plaintiff seeks would not be the sort of relief he would obtain should he win his suit against Defendants as he has not alleged a claim of retaliation.  Accordingly, the Court finds that Defendants Pitts and Roberts are entitled to judgment on the pleadings as to Plaintiff's claim for injunctive relief.  As Defendant Roberts is only in the case in his official capacity for injunctive relief, the Court **RECOMMENDS** that the claims against him be **DISMISSED** in its entirety.

## IV.  Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff has admitted to the merits of Defendants' motion given his failure to respond, and **GRANT** Defendants' motion for Judgment on the Pleadings (Docs. 13 & 14).   Further, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claim for injunctive relief against

Defendant Chris Pitts, as well as the claim against Brad Robert in his official capacity in its entirety as Plaintiff is not entitled to the relief he requests. Should the Court **ADOPT** the undersigned's findings and conclusions, the only claim left in this case will be the failure to protect claim against Chris Pitts.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the purposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **January 14, 2013**.

**IT IS SO ORDERED**.
DATED. December 28, 2012.

*s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge