IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY DEWALT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 12-CV-0118-MJR |
| CHRIS PITTS AND BRADLEY ROBERT, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

    Plaintiff Dewalt filed this 42 U.S.C. § 1983 suit on February 8, 2012, against Defendant Pitts for failing to protect him from serious injury and against Defendant Roberts in his official capacity for prospective injunctive relief in the form of a transfer to a different prison facility. (Doc. 7). In brief, Mr. Dewalt alleges that he was concerned for his safety and sought protection from a hostile inmate by informing Defendant Pitts of his concerns. Defendant Pitts allegedly told Plaintiff that he could not help him until the inmate actually did something. The inmate later struck Plaintiff in the face, knocked him to the ground and jumped on Plaintiff's back causing him injury. Plaintiff has requested to be transferred to a different prison facility of his choice in order to avoid

retaliation for bringing this claim against defendants.

On October 12, 2012, in a document styled Motion for Judgment on the Pleadings (Doc. 13), Defendants seek judgment on Plaintiff's claim for injunctive relief. Specifically, they argue that Plaintiff is not entitled to injunctive relief as the relief he seeks is barred by the doctrine of sovereign immunity and under the Prison Litigation Reform Act. Plaintiff has failed to file a response to Defendants' motion and the time to file a response has expired. Magistrate Judge Stephen Williams issued a Report and Recommendation on this motion on December 28, 2012 (Doc. 19). No timely objections have been filed.

Magistrate Judge Williams' Report recommends granting Defendants' motion because the request for prospective injunctive relief is unrelated to the claims Plaintiff has filed. Specifically, Judge Williams explains that the type of relief that Plaintiff seeks would not be the sort of relief he would obtain should he win his suit against Defendants, as he has not alleged a claim of retaliation.

Where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), the Court need not conduct a *de novo* review of the Report and Recommendation. **See Thomas v. Arn, 474 U.S. 140 (1985)**. While a *de novo* review is not required here, the Court has considered the record and Magistrate Judge William's Report and Recommendation and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Williams. The Court concludes that that Defendant Roberts is entitled to judgment on the pleadings as to Plaintiff's claim for

injunctive relief.

The Court **ADOPTS** Magistrate Judge Williams' Report and Recommendation (Doc. 19) and **GRANTS** Defendants' motion for Judgment on the Pleadings (Docs. 13 & 14). Plaintiff's claim for injunctive relief against Defendant Roberts is **DISMISSED**[1]. The only remaining claim is the failure to protect claim against Defendant Pitts.

IT IS SO ORDERED.

DATED: April 22, 2013

                                                                                 s/Michael J. Reagan_____
                                                                                 MICHAEL J. REAGAN
                                                                                 United States District Judge

---

[1] The Report and Recommendation recommends that this Court Dismiss Plaintiff's claims for injunctive relief against Defendant Roberts *and* Defendant Pitts. This appears to be a typo as the claim for injunctive relief was only asserted against Defendant Roberts in his official capacity.