# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEFFREY DEWALT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.   12-cv-118-MJR-SCW** |
| | ) | |
| **CHRIS PITTS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

This case is before the Court on Defendant Chris Pitts'[1] Motion for Summary Judgment on the Issue of Exhaustion (Docs. 20 & 21).   The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).   It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **DENY** Defendant Pitts' motion for summary judgment (Docs. 20 & 21).

### II.   Findings of Fact

As a preliminary matter, the undersigned notes that Plaintiff has failed to file a responsive brief to Defendant's Motion for Summary Judgment.   Defendant's motion was filed on January 4, 2013, seeking summary judgment for Plaintiff's failure to exhaust his administrative remedies.   Plaintiff was given until February 7, 2013 in which to file a Response (Doc. 20).   Plaintiff failed to do so nor did he ask for an extension of time to respond to the motion.   As of the date of this

---

[1]   The Court notes that the original summary judgment motion was filed by both Defendants Chris Pitts and Brad Robert.   Since filing their motion, however, Defendant Robert has been dismissed from this case (Doc. 25) and the only remaining claim before the Court is a failure to protect claim against Defendant Pitts.

Report, Plaintiff has failed to file a responsive brief.   Thus, under the Court's Local Rule 7.1, Plaintiff's failure to file a timely response is deemed an admission of the merits of the motion.   **SDIL LOCAL RULE 7.1(g).**

Plaintiff filed his Complaint on February 8, 2012 pursuant to 42 U.S.C. § 1983 alleging that Defendant Chris Pitts failed to protect him from a hostile inmate.   Specifically, Plaintiff's Complaint alleged that while at Centralia Correctional Center, he sought protection on or about September 3, 2011 by sharing his concerns about his safety around a hostile inmate to Officer Newkirk who encouraged him to speak with Defendant Pitts (Doc. 7).   Plaintiff alleged that he did speak with Defendant Pitts who informed him that he "could not do anything…until the inmate actually did something." (*Id.*).   A short time after speaking with Defendant Pitts, the inmate struck Plaintiff in the face, knocked him to the ground, and jumped on his back, causing injuries (*Id.*).   Plaintiff was disciplined for fighting as a result of the incident.

Defendant Pitts filed a motion for summary judgment for failure to exhaust administrative remedies on January 4, 2013 (Docs. 20 & 21).   Defendant argues that Plaintiff failed to exhaust his administrative remedies because he did not fully exhaust the single grievance that he filed on the failure to protect claim.   Defendant points out that Plaintiff submitted a grievance on September 16, 2011 regarding the attack by inmate Davis and Defendant Pitts' failure to protect him (Doc. 21 Ex. 1 at p.1).   The Counselor reviewed the grievance and checked the box on the grievance indicating that it was to be sent "directly to Grievance Officer." (*Id.*).   The grievance was submitted to the grievance office on September 19, 2011 and the chief administrative officer concurred with the grievance officer's findings on September 23, 2011 (Doc. 21 Ex. 1 at p. 7).   While it is not known exactly when Plaintiff submitted his grievance to the ARB, his letter directed to the ARB was written on October 19, 2011 (Doc. 21 Ex. 1 at p. 6).   The ARB received the grievance on October 24, 2011

(*Id*.).   The ARB, however, returned the grievance without deciding on its merits because it had not

been submitted to the ARB within the proper timeframe for appealing grievances (Doc. 21 Ex. 3A at

p. 13).

### III.   Conclusions of Law

Summary Judgment is proper if the pleadings, discovery materials, disclosures, and

affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to

judgment as a matter of law."   ***Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010).**

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation

Reform Act ("PLRA").   **42 U.S.C. §1997e(a).**   That statute states, in pertinent part, that "no action

shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." *Id*. **(emphasis added).**   The Seventh Circuit requires strict

adherence to the PLRA's exhaustion requirement.   ***Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.**

**2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion").**

Exhaustion must occur before the suit is filed.   ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).**

Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending.   ***Id*.**

Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the

time, the prison administrative rules require." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.**

**2005).**   Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison

administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely

unexhausted."   ***Dole*, 438 F.3d at 809.**

Under *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the

defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are

to be determined by the judge.  *Pavey v. Conley*, **544 F.3d 739, 740-41(7th Cir. 2008).**   Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate.   (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over.   (3)If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id.* **at 742.**   Although the court in Pavey included a hearing as one of the steps in determining whether the plaintiff had satisfied the exhaustion requirement, "there is no reason to conduct an evidentiary hearing" in a "situation [where] there are no disputed facts regarding exhaustion, only a legal question."  *Doss v. Gilkey*, **649 F.Supp.2d 905, 912 (S.D.Ill. 2009) (Gilbert, Phil J.).**

A.      **Exhaustion Requirements Under Illinois Law**

As an inmate confined within the Illinois Department of Corrections, Dewalt was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims.   **20 Ill. Administrative Code §504.800 et seq.**   The grievance procedures first require inmates to speak with the counselor about their complaint.   **20 Ill. Admin. Code §504.810(a).**   Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer

within 60 days of the incident.  *Id.*   The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint.   The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code §504.810(a)(b).**   "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer...[who]shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances."  **20 Ill. Admin. Code §504.830(d).**   If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB").   The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision.   Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached."  **20 Ill. Admin. Code §504.850(a).**   "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations."  **20 Ill. Admin. Code §504.850(e).**   "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances.   The offender shall be sent a copy of the Director's decision."  **20 Ill. Admin. Code §504.850(f).**

The grievance procedures do allow for an inmate to file an emergency grievance.   In

order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. **20 Ill. Admin. Code §504.840(a).** If an inmate forwards the grievance to the CAO as an emergency grievance, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him which course he has decided is necessary after reading the grievance. **20 Ill. Admin. Code §504.840(b).** Once the CAO has informed the inmate of his decision, the inmate may then appeal that decision to the ARB on an expedited basis. **20 Ill. Admin. Code §504.850(g).**

**B.** **Analysis**

Here, Defendant argues that Plaintiff failed to exhaust his administrative remedies as to Defendant Pitts' failure to protect him from inmate Davis. Although Plaintiff filed a grievance regarding his fight with Davis and Defendant Pitts' failure to protect him, Defendant argues that Plaintiff failed to fully exhaust the grievance. Specifically, Defendant argues that Plaintiff failed to submit the grievance to the ARB in a timely fashion and thus the ARB refused to hear his appeal. As Plaintiff has not responded to Defendant's motion, the Court deems the facts set forth by Defendant as "admitted", but the Court still views those facts in the light most favorable to the Plaintiff *Cady v. Sheahan*, **467 F.3d. 1057, 1061 (7th Cir. 2006)** (citing *Adams v. Wal-mart Stores, Inc.*, **324 F.3d 935, 937 (7th Cir. 2003);** *see also Smith v. Lamz*, **321 F.3d 680, 683 (7th Cir. 2003)("We have consistently held that failure to respond by the nonmovant as mandated by the local rules results in an admission.").** However, even taking the facts as admitted, it is not clear to the Court, when viewing those facts in the light most favorable to Plaintiff, that Plaintiff did not appeal his grievance in a timely manner.

An inmate has thirty days to appeal a decision of the chief administrative officer to the ARB. **20 Ill. Admin. Code §504.850(a).**   The chief administrative officer responded to Plaintiff's grievance on September 23, 2011, so Plaintiff had thirty days in which to appeal that grievance to the ARB.   The deadline for that appeal was October 23, 2011 (a Sunday).   The ARB marked his grievance as received on October 24, 2011, the following business day.   Even though Plaintiff's grievance was received a day after the deadline, his grievance is deemed submitted the day that it was mailed.  *See Schadel v. Evans*, **Case No. 09-1338, 2010 WL 2696456, at * 2 (C.D. Ill. July 7, 2010)(Baker, Dist. Judge).**   Although it is not exactly clear from the record, the facts presented lead to only one conclusion.   The grievance was mailed prior to the thirty day deadline.   Defendant included in his exhibits a letter to the ARB which was submitted with Plaintiff's appeal.   The letter was dated October 19, 2011, suggesting that Plaintiff submitted his appeal to the ARB sometime after that date.   The ARB also received the grievance on October 24, 2011, one day after the deadline for filing an appeal.   As October 23, 2011 fell on a Sunday, the receiving of the grievance on October 24, 2011, suggests that it was mailed prior to October 23, 2011, as mail is not delivered on Sunday.   The record before the Court, therefore, indicates that Plaintiff mailed his grievance to the ARB sometime between October 19, 2011 and October 23, 2011, which is before the thirty day deadline.[2]   Defendant has not offered evidence suggesting when the grievance was mailed to the ARB, nor has he explained how a grievance mailed prior to the appeal deadline can be deemed "untimely."   Thus, the undersigned finds that once Plaintiff timely submitted his grievance in the mail, which was presumably prior to October 23, 2011, and the ARB rejected the grievance as untimely, there was nothing he could do to further exhaust his grievance.  *Dole v. Chandler*, **438 F.3d 804, 811 (7th Cir. 2006).** Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Defendant has failed to

---

[2] Because an evidentiary hearing could not result in a finding that the grievance was mailed after the deadline for appealing the grievance, the undersigned finds that it need not conduct a hearing on this matter.

meet of his burden of showing that Plaintiff failed to exhaust his administrative remedies and **DENY** Defendant's motion for summary judgment.

### IV.    Conclusion

In conclusion, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff exhausted his administrative remedies as to Defendant Pitts, and **DENY** Defendant Pitts's motion for summary judgment (Doc. 20 & 21).

Should the Court adopt the findings and conclusions in this Report, the failure to protect claim against Defendant Pitts will remain pending.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation.   The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).**   Accordingly, Objections to this Report and Recommendation must be filed on or before **June 3, 2013**.

**IT IS SO ORDERED**.
DATED: May 17, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge